Denita "Kim" SOLITAIRE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–972.

Court of Appeals of Alaska.

Dec. 6, 1985.

Lawrence Z. Ostrovsky, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Renee Erb, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Denita Solitaire was convicted, based upon her pleas of no contest, of two counts of misconduct involving a controlled substance in the second degree, AS 11.71.-020(a), a class A felony. Solitaire, as a first felony offender convicted of a class A felony, was subject to a presumptive sentence of five years. AS 12.55.125(c)(1). Solitaire proposed several mitigating factors but sentencing Judge Buckalew rejected the mitigating factors and imposed the five-year presumptive sentence on one count and five years with three suspended on the other count. Judge Buckalew imposed two years of the sentence on the second count concurrently and the three suspended years consecutively. Therefore Solitaire's composite sentence was eight years with three suspended.

Solitaire was twenty-six at the time of her conviction. She has no prior convictions. Solitaire sold one-half gram of heroin for $100 to an undercover police officer on September 7, 1984. At the time of this sale the officer saw about six bags of heroin in Solitaire's purse.[1] Solitaire also sold one-quarter gram of heroin for $100 to the same undercover officer on September 18, 1984.

At sentencing, Solitaire argued that the mitigating factor set forth in AS 12.55.-155(d)(14) applied to her offense: that her offense "involved small quantities of a controlled substance." Judge Buckalew rejected this mitigating factor.

Aggravating or mitigating factors must be established by clear and

---

**1.** Solitaire indicated that she had a total of four bags of heroin. She stated she sold two bags and used two herself.

convincing evidence. AS 12.55.155(f). In reviewing whether an aggravating or mitigating factor has been established we apply the "clearly erroneous" standard. *Juneby v. State*, 641 P.2d 823, 834 (Alaska App.1982) *modified on other grounds*, 665 P.2d 30 (Alaska App.1983). We believe that on this record Judge Buckalew was clearly erroneous in rejecting the mitigating factor that Solitaire's offense involved small quantities of a controlled substance.[2] The amounts involved in the sales were one-half gram and one-quarter gram. There was evidence that Solitaire was in possession of between two to four similar packets. However there was no evidence that she was involved in frequent drug transactions.

We therefore VACATE Solitaire's sentence, and REMAND to the trial court for further proceedings.[3]

---

**2.** In *Huff v. State*, 568 P.2d 1014, 1017 (Alaska 1977) the supreme court discussed a defendant who was convicted under the former criminal code of two counts of sale, each involving one-quarter *ounce* of heroin. There are approximately twenty-eight grams in an ounce. The supreme court stated that these sales did not involve either "small quantities" or "large quantities" of drugs but fell somewhere in between. *Id.*

**3.** We conclude that Judge Buckalew did not err in rejecting the other mitigating factors which Solitaire proposed. Because Judge Buckalew is now free to impose a lesser sentence than he did because of the existence of the mitigating factor, we do not reach the issue of whether Solitaire's sentence is excessive. However we refer the superior court to *Huff v. State*, 568 P.2d 1014 (Alaska 1977). Huff, a twenty-four-year-old heroin addict, was convicted of two sales of heroin, each sale involving one-quarter ounce each for $700. Huff had once served three months in jail for malicious destruction of property and at the time of his heroin sales was on probation for receiving and concealing stolen property. The supreme court reduced Huff's eight-year sentence to four years.